UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JOSEPH MURRAY,

                              Plaintiff,

          -against-

CITY OF NEW YORK, MICHAEL VENTO, Individually,
DEREK PASOLINI, Individually, JOHN WOO, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                           Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

16 CV 3295 (WHP)

<u>Jury Trial Demanded</u>

Plaintiff JOSEPH MURRAY, by his attorneys, Brett H. Klein, Esq., PLLC, complaining

of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff JOSEPH MURRAY is a fifty-four-year-old man residing in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, MICHAEL VENTO, DEREK PASOLINI, JOHN WOO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On May 26, 2015, beginning at approximately 4:45 p.m., plaintiff JOSEPH MURRAY was lawfully present in front of 154 West 132nd Street, New York, New York, when defendant NYPD Sergeant MICHAEL VENTO, and Officers DEREK PASOLINI and JOHN WOO, approached him, and unlawfully detained, questioned, and searched him.

13.     During the stop, defendant VENTO frisked and searched Mr. Murray without justification, and thereafter handcuffed Mr. Murray in an over tight manner despite lacking probable cause to believe he had committed any crime or offense, and without any justification for the use of unreasonable and otherwise unnecessary force.

14.     After handcuffing plaintiff, defendant VENTO ordered defendant WOO to frisk plaintiff a second time.  Said second frisk was also unjustified.

15.     Defendants VENTO, WOO, and PASOLINI then imprisoned plaintiff in their police vehicle and transported plaintiff to the NYPD's 32nd precinct station house and imprisoned him therein.

16.     During the transport, VENTO, WOO, and PASOLINI ignored plaintiff's requests to loosen the handcuffs, and defendant VENTO swore at plaintiff in response to said requests.

17.     Plaintiff was thereafter released from the 32nd precinct via defendant PASOLINI's issuance to him of Summons Number 4423695650, which compelled Mr. Murray's appearance in New York County Criminal Court on July 17, 2015.

18.     The defendant NYPD police officers caused said prosecution to be commenced

3

against plaintiff based on legal process issued by the City and its employees based on false allegations by said NYPD police officers.   The prosecution was assigned docket number 2015SN030428.

19.      The defendants alleged that plaintiff was purportedly disorderly, and conveyed this information to prosecutors.  Said allegations were false.

20.      On July 1, 2015 the summons was dismissed and sealed pursuant to New York Criminal Procedure Law § 160.50.

21.      Defendants VENTO, PASOLINI, WOO, and JOHN and JANE DOE 1 through 10 either supervised, participated in, and/or failed to intervene despite a reasonable opportunity to do so, in the above described acts of misconduct.

22.      All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.   Specifically, the City of New York promulgated and enforced an unlawful policy of stop and frisk, and its officers engaged in a *de facto* practice of falsification, which were the moving forces behind plaintiff's unlawful arrest.

23.      The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained regarding: proper methods of stop and frisk, and that they engage in a practice of falsification.

24.      For instance, in another civil rights action filed in this Circuit involving false

4

allegations by NYPD officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

25.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

26.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY OF NEW YORK has retained these officers, and failed to adequately train and supervise them.

27.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

28.     All of the aforementioned acts deprived plaintiff JOSEPH MURRAY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

5

attendant thereto.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

31.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32.     As a result of the foregoing, plaintiff JOSEPH MURRAY sustained, *inter alia*, pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants arrested plaintiff JOSEPH MURRAY without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

35.     Defendants caused plaintiff JOSEPH MURRAY to be falsely arrested and unlawfully imprisoned.

36.     As a result of the foregoing, plaintiff JOSEPH MURRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

37.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     Defendants created false evidence against plaintiff JOSEPH MURRAY.

39.     Defendants utilized this false evidence against plaintiff JOSEPH MURRAY in legal proceedings.

40.     As a result of defendants' creation and use of false evidence, plaintiff JOSEPH MURRAY suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

41.     As a result of the foregoing, plaintiff JOSEPH MURRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff JOSEPH MURRAY.

44.     Defendants caused plaintiff JOSEPH MURRAY to be prosecuted without any

probable cause until the charges were dismissed on or about July 1, 2015.

45.     As a result of the foregoing, plaintiff JOSEPH MURRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

46.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants had an affirmative duty to intervene on behalf of plaintiff JOSEPH MURRAY, whose constitutional rights were being violated in their presence by other officers.

48.     The defendants failed to intervene to prevent the unlawful conduct described herein.

49.     As a result of the foregoing, plaintiff JOSEPH MURRAY' liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court.

50.     As a result of the foregoing, plaintiff JOSEPH MURRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The supervisory defendants, including defendant MICHAEL VENTO, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

53.     As a result of the foregoing, plaintiff JOSEPH MURRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees, engaging in the unconstitutional implementation of stop and frisk, and engaging in falsification, all of which were the moving forces behind the violation of plaintiff JOSEPH MURRAY's rights as described herein.  In addition, the New York City Police Department has failed to properly train its employees with regard to proper investigatory methods and standards for stop and frisk, and for arrest, and are also aware that many officers engage in falsification in support of improper arrests.  As a result

9

of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOSEPH MURRAY.

58.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOSEPH MURRAY as alleged herein.

59.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOSEPH MURRAY as alleged herein.

60.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JOSEPH MURRAY was unlawfully arrested and maliciously prosecuted.

61.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOSEPH MURRAY' constitutional rights.

62.     All of the foregoing acts by defendants deprived plaintiff JOSEPH MURRAY of federally protected rights, including, but not limited to, the right:

A.     To be free from false arrest/unlawful imprisonment;

10

B.      To be free from the failure to intervene;

C.      To receive his right to fair trial; and

D.      To be free from malicious prosecution.

63.     As a result of the foregoing, plaintiff JOSEPH MURRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

66.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

67.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

68.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

69.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

70.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.    The defendant officers arrested plaintiff JOSEPH MURRAY without probable cause.

72.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

73.    As a result of the aforementioned conduct, plaintiff JOSEPH MURRAY was unlawfully imprisoned in violation of the laws of the State of New York.

74.    As a result of the aforementioned conduct, plaintiff JOSEPH MURRAY suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

75.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

76.    As a result of the foregoing, plaintiff JOSEPH MURRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

77.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

12

78.    As a result of the foregoing, plaintiff JOSEPH MURRAY was placed in apprehension of imminent harmful and offensive bodily contact.

79.    As a result of defendant officers' conduct, plaintiff JOSEPH MURRAY has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

80.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

81.    As a result of the foregoing, plaintiff JOSEPH MURRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

82.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    Defendant officers made offensive contact with plaintiff JOSEPH MURRAY without privilege or consent.

84.    As a result of the defendant officers' conduct, plaintiff JOSEPH MURRAY has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

85.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

86.    As a result of the foregoing, plaintiff JOSEPH MURRAY is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Defendant officers initiated, commenced and continued a malicious prosecution against plaintiff JOSEPH MURRAY.

89.     Defendant officers caused plaintiff JOSEPH MURRAY to be prosecuted without probable cause until the charges were dismissed on or about July 1, 2015.

90.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

91.     As a result of the foregoing, plaintiff JOSEPH MURRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted

and participated in the arrest of plaintiff JOSEPH MURRAY.

94.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

95.     As a result of the foregoing, plaintiff JOSEPH MURRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff JOSEPH MURRAY.

98.     As a result of the foregoing, plaintiff JOSEPH MURRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Violation of NYS Constitution Article 1 §12 against Defendant City of New York)

99.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    As a result of defendant officers' conduct, plaintiff JOSEPH MURRAY was deprived of his right to security against unreasonable searches, seizures, and interceptions.

101.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

102.    As a result of the foregoing, plaintiff JOSEPH MURRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JOSEPH MURRAY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated:  New York, New York
        September 23, 2016

                            BRETT H. KLEIN, ESQ., PLLC
                            Attorneys for Plaintiff JOSEPH MURRAY
                            305 Broadway, Suite 600
                            New York, New York 10007
                            (212) 335-0132

                            By:     s/ Brett Klein
                                    BRETT H. KLEIN (BK4744)

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JOSEPH MURRAY,

          Plaintiff,       16 CV 3295 (WHP)


     -against-

CITY OF NEW YORK, MICHAEL VENTO, Individually,
DEREK PASOLINI, Individually, JOHN WOO, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

          Defendants.

--------------------------------------------------------------------------------X



**AMENDED COMPLAINT**



**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132